IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA KENEDI CALLAHAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SMITHKLINE BEECHAM CORPORATION | : | |
| d/b/a GLAXOSMITHKLINE, and | : | |
| GLAXOSMITHKLINE LLC | : | No. 14-791 |

## MEMORANDUM

**PADOVA, J.**                                                                                  April 9, 2014

This case was originally filed in the Court of Common Pleas of Philadelphia County. (Compl., Def. Ex. A.) It was removed to this Court by Defendant. (Docket Entry 1.) Presently before the Court is a Motion by Defendant to transfer venue for this matter to the United States District Court for the Eastern District of Kentucky, Southern Division. For the reasons that follow, the Motion is granted.

Plaintiff was born in Kentucky on January 29, 1995. (Compl. ¶ 2.) Plaintiff's mother ingested Paxil during her pregnancy. (Id. ¶ 3.) Plaintiff was born with severe coarctation of the aorta, patent ductus arteriosis, bicuspid aortic valve, and aortic valve stenosis. (Id. ¶ 5.) Plaintiff resides in Booneville, Kentucky and claims damages as a result of her mother's ingestion of Paxil during her gestation. (Id. ¶ 6.) Defendant seeks to transfer venue to the Eastern District of Kentucky since all critical events at issue in the case occurred in Kentucky, and because Kentucky is home to a significant number of witnesses and documents necessary to litigate the case.

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought . . . ."  This Court has broad discretion in deciding a motion for transfer of venue.  White v. SmithKline Beecham Corp., Civ. A. No. 06-3025, 2007 WL 1237952, at *2 (E.D. Pa. Apr. 26, 2007).  A case that has been removed from state court may be transferred to a different district as long as venue is proper in both the original and the transferee district.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).  There is no dispute that venue is proper in both the Eastern District of Pennsylvania and the Eastern District of Kentucky.  See 28 U.S.C. § 1391(b)(1) and (b)(2).

The United States Court of Appeals for the Third Circuit has established private and public factors to consider in determining whether transfer is proper under 28 U.S.C. § 1404(a). The private factors include:  (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claims arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses — but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of the books and records (similarly limited to the extent that the files could not be produced in the alternative forum).  Jumara, 55 F.3d at 879 (citations omitted).  Although the plaintiff's forum preference is given substantial weight, it is afforded less weight when the plaintiff selects a forum which is neither her home nor the place of the significant events upon which the suit is predicated.  See In re Link A Media Devices Corp., 662 F.3d 1221, 1223 (Fed. Cir. 2011); Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167 (10th Cir. 2010); Copley v. Wyeth, Inc., Civ. A. No. 09-722, 2009 WL 2160640 (E.D. Pa. July 17, 2009).  Here, we will not accord the Plaintiff's forum preference much weight since she is a resident of Kentucky and the suit is based on Defendant's failure to warn leading to her mother's harmful ingestion of Paxil, all of which took place in Kentucky.  Plaintiff's mother

was prescribed the drug there, ingested the drug there, became pregnant there, and gave birth there.  She also received prenatal treatment in Kentucky.  Since birth, Plaintiff has been treated, and continues to be treated, for her medical problems in Kentucky.

The transfer of this case to the Eastern District of Kentucky is more convenient for the parties.  Plaintiff is physically present in Kentucky, and it will clearly be less expensive for her to have this action tried near her home.  Defendant, as a large corporation, does not bear a meaningfully heavier financial burden in one district versus another.  In any event, Defendant seeks the transfer to Kentucky.

The next private factor in the balancing test is the convenience of material witnesses.  This "is a particularly significant factor in a court's decision whether to transfer." Idasetima v. Wabash Metal Prods., Inc., Civ. A. No. 01-197, 2001 WL 1526270, at *2 (E.D. Pa. Nov. 29, 2001).  "Fact witnesses who possess first-hand knowledge of the events giving rise to the lawsuit, have traditionally weighed quite heavily in the 'balance of convenience' analysis." Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 203 (D. Del. 1998).  It is to be expected that the parties will call at least some of Plaintiff's prescribing and treating physicians as key witnesses, as well as members of her family.  These witnesses are located in Kentucky and cannot be compelled to testify in this District since they are well out of reach of this court's subpoena power. Fed. R. Civ. P. 45(b)(2).  Conversely, as Defendant concedes jurisdiction in the Eastern District of Kentucky, it can be compelled to produce Rule 30(b)(6) witnesses and discovery in Kentucky.

In sum, the private factors which we must consider under Jumara weigh in favor of transfer.

The public interest factors which we must take into account under <u>Jumara</u> include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. <u>Id.</u>, 55 F.3d at 879-80 (citations omitted).

The judgment can be enforced regardless of which district is the trial forum. It is more practical to have the trial in Kentucky where Plaintiff, her family, her physicians, and her medical records are located. It will be less expensive and easier than having the trial in Pennsylvania. Plaintiff concedes that an equally timely trial of the case can be had in Kentucky. Kentucky not only has a strong interest in resolving the product liability claims of its own citizen, but also is the site where the injury, as well as a majority of the relevant events or omissions, took place. Regardless of what substantive law will apply, there is no doubt that a federal judge in Kentucky is fully capable of applying it. Accordingly, we find that the public factors favor transfer of venue to Kentucky.

Because the private factors and the public factors favor transfer of this case to the Eastern District of Kentucky, Defendant's Motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is granted. An appropriate order follows.

BY THE COURT:

/s/John R. Padova

_____
John R. Padova, J.